ALBERT W. DAVENPORT *vs.* EMORY C. BROADHURST
& others.[1]

Franklin. March 11, 1980, April 16, 1980. — July 2, 1980.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Practice, Civil,* Appeal. *Rules of Civil Procedure. Adverse Possession and Prescription. Easement. Trespass. Laches.*

A motion to amend findings which was served within ten days of the entry of judgment was timely made under Mass.R.Civ.P. 52(b), even though it was not filed within the ten day period, and, therefore, a claim of appeal filed within thirty days of the denial of the motion to amend was timely under Mass.R.A.P. 4. [183-185]

In an action seeking to enjoin the defendants from interfering with the plaintiff's use of certain roads across the defendant's property, evidence that the plaintiff's use of the roads was open, notorious, adverse, under a claim of right and continuous from 1939 to 1975, when the action was commenced, warranted a finding that the plaintiff had acquired easements by prescription over the roads. [185-187]

The acquiescence and laches of landowners' predecessors in title could not be raised as equitable defenses to the landowners' complaint for trespass. [187-188]

CIVIL ACTION commenced in the Probate Court for the county of Franklin on February 6, 1975.

The case was heard by *Keedy,* J.

*Donald T. Hillier* for the defendants.

*Jack D. Curtiss* for the plaintiff.

NOLAN, J. The plaintiff commenced his action by filing a complaint in the Probate Court for Franklin County, seeking in the main to enjoin the defendants from interfering with his use of certain roads near his property in Shelburne.

---

[1] Jennie S. Broadhurst, Richard E. Broadhurst, and Elizabeth L. Broadhurst.

In responding to the complaint, the defendants denied almost all of its significant allegations and interposed counterclaims for damages as a result of the plaintiff's alleged trespass and creation of a nuisance on the defendants' property.

Following the entry of a judgment for the plaintiff, the defendants filed a motion for relief from judgment pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). The defendants have appealed from both the final judgment and the denial of their postjudgment motion. One procedural issue must be addressed at the threshold.

1. *Timeliness of defendants' appeal.* The first issue before the court is the timeliness of the defendants' appeal from the judgment entered on November 22, 1976. The defendants' counsel mailed a motion for additional findings to counsel for the plaintiff on December 2, 1976, pursuant to Mass.R.Civ.P. 52(b), 365 Mass. 817 (1974). The original of the motion was received in the clerk's office on December 6, 1976, and the motion was denied on December 24, 1976. A notice of appeal to this court was filed on January 24, 1977, a Monday.

Rule 4 of the Massachusetts Rules of Appellate Procedure, 365 Mass. 846 (1974),[2] requires the filing of a notice of appeal in civil cases within thirty days of the entry of judgment unless the Commonwealth or an officer or agency thereof was a party, in which case a period of sixty days is provided. This rule recognizes the effect of a motion to amend findings by a direction that the thirty day period "shall commence to run and shall be computed from the making" of an order in response to such a motion. Whether a motion is timely filed under rule 4 is governed by the provisions of the applicable Massachusetts Rules of Civil Procedure. See 9 Moore's Federal Practice par. 204.12(2), at 4-76 (2d ed. 1980). The cognate statute, G. L. c. 215, § 9, acknowledges a right of

---

[2] Massachusetts Rule of Appellate Procedure 4 was amended May 15, 1979, to include a provision applicable to criminal appeals. See 378 Mass. 924 (1979). The provisions discussed here were not changed.

appeal within thirty days of the entry of the judgment. Though the statute gives no recognition to the effect of an intervening motion, in cases of apparent but not irreconcilable conflict between the rule and the statute the two should be read to find consistency rather than conflict; therefore deference will be paid to the rule. *Boston Seaman's Friend Soc., Inc.* v. *Attorney Gen.,* 379 Mass. 414, 416 (1980). See G. L. c. 215, § 10. The linkage is as follows. The appeal is timely if filed within thirty days of the making of the order on the motion to amend if the motion to amend was timely filed in the lower court (Mass.R.A.P. 4). Thus here the claim of appeal was timely if filed within thirty days of the denial of the motion to amend, and the motion was timely if made within ten days of the entry of judgment (Mass.R.Civ.P. 52[b], 365 Mass. 817 [1974]). The motion here was made within ten days of the entry of judgment if the motion is deemed to have been made when served though not yet filed. We find that the motion was served within the ten-day period and we rule, for the reasons given below, that the motion was made when served. Accordingly, we hold that the appeal was timely.

The pith of the problem is the meaning ascribed to the word "made" in the pertinent part of rule 52(b): "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings . . . ." We look respectfully to the interpretation given by the Federal courts to the cognate provisions of the Federal Rules of Civil Procedure. *Rollins Environmental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). The relevant part of rule 52(b) reads exactly the same as its Federal counterpart. In *Keohane* v. *Swarco, Inc.,* 320 F.2d 429, 431-432 (6th Cir. 1963), the court ruled that a motion under the Fed.R.Civ.P. 52(b) was timely made because it was served within ten days though it was not filed until the eleventh day. *Afran Transport Co.* v. *S/T Maria Venizelos,* 450 F. Supp. 621, 623 n.2 (E. D. Pa. 1978), is to the same effect. Except for a few instances in which filing is expressly required, the rules seem to stress service of papers more

strenuously than their filing. See 5A Moore's Federal Practice par. 52.11 (2d ed. 1980); 9 Wright & Miller, Federal Practice and Procedure § 2582 (1971). Filing may be accomplished either before or within a reasonable time after service. Mass.R.Civ.P. 5(d), 365 Mass. 746 (1974). The plaintiff filed the motion to amend findings within four days of service. This was within a reasonable time.

"Service by mail is complete upon mailing." Mass.R. Civ.P. 5(b), 365 Mass. 745 (1974). Service of the motion in this case was made on December 2, 1976, which was the tenth day following the judgment of November 22, 1976. The day of the entry of judgment is excluded from the computation, but "[t]he last day of the period so computed shall be included" unless it is a Saturday, a Sunday or a legal holiday. Mass.R.Civ.P. 6(a), 365 Mass. 747 (1974).

The thirty-day period within which a notice of appeal had to be filed started to run on December 24, 1976, the date of the denial of the motion to amend. It expired on January 23, 1977, a Sunday. The notice was timely filed on Monday, January 24, 1977. Accordingly, the appeal is properly before us.

2. *The case on the merits.* We have the benefit of the trial judge's generous findings of fact, which will not be disturbed unless they are clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). A reviewing court will consider a finding clearly erroneous only if "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *United States* v. *United States Gypsum Co.,* 333 U.S. 364, 395 (1948), quoted with approval in *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 160 (1977). We are assisted here by only a portion of the transcript of evidence. On the basis of the evidence available to us, we do not conclude that the findings of the judge in this case are clearly erroneous. References will be made to a plan which the judge incorporated in his findings and the essential substance of which has been reproduced as an appendix to this opinion in order

to render intelligible the various parcels and roads which play parts in this case.

Issues presented for review by the defendants Emory C. and Jennie S. Broadhurst are somewhat different from those issues raised by the defendants Richard E. and Elizabeth L. Broadhurst. However, certain issues are common to both appeals.

a. *State of the title to Parcels A, B, C and D.* In 1924, Carlton P. Davenport, the plaintiff's brother, owned the land described as Parcels A and B. Through a series of conveyances, Parcel A became the property of the plaintiff in 1940. Parcel B was acquired by the defendants Richard E. and Elizabeth L. Broadhurst in 1974. In 1974 the defendants Emory C. and Jennie S. Broadhurst acquired title to Parcel C, which had been owned by Frederick D. and Jeannette B. Field. Parcel D has been owned by the plaintiff and his wife since 1939.

b. *Bradley and Gravel roads through Parcel B.* The judge found that from 1939 until 1954 the plaintiff used the entire length of Bradley Road as it originally progressed from Maple Street, across the present location of Route 2, through Parcel C, and then through Parcel B. However, since 1954, when Route 2 was relocated, the plaintiff has used only that portion of Bradley Road which crosses Parcels B and C easterly of the relocation. Prior to 1963 Gravel Road, which runs through Parcel B, joined Bradley Road at the edge of Parcel C, where cement posts are now located. The plaintiff's use of Bradley and Gravel roads has been for walking and operating motor vehicles. He has cut trees and obtained firewood along both roads. His use of these portions of both roads was open, notorious, adverse, under a claim of right and continuous from 1939 to 1975, when this action was commenced. In short, the plaintiff has done everything necessary to acquire easements by prescription over Bradley Road as it runs through Parcels B and C and over Gravel Road as it runs through Parcel B. See *Mastandrea* v. *Baressi*, 2 Mass. App. Ct. 54, 56 (1974). In light of our resolution of this issue on the basis of prescrip-

tive easements, it is unnecessary for us to address the other questions which the defendants raise as to the validity of the plaintiff's purported reservations by various deeds.

c. *Gravel Road over Parcel C.* The plaintiff expended labor and some materials in improving Gravel Road for many years. However, it was not until after June of 1963 that the plaintiff began work on the easterly entrance from Route 2 to that portion of Gravel Road which runs through Parcel C. Therefore, it must follow that the plaintiff could not have acquired a prescriptive easement because he had not used or improved that portion of Gravel Road for twenty continuous years. G. L. c. 187, § 2.

The language which Frederick Field affixed to a letter to him from the plaintiff's lawyer, "right of way ok," created in the plaintiff, at best, a license which was revocable. *Baseball Publishing Co.* v. *Bruton,* 302 Mass. 54, 56 (1938). At that time, June 10, 1963 (the date of the letter), Field owned Parcel C as a tenant by the entirety with his wife Jeannette. Clearly, whatever license Field may have given has been revoked by his successors in title, the defendants Emory C. and Jeannette B. Broadhurst, in light of their opposition to the plaintiff.

The trial judge ruled that the plaintiff had acquired rights to the portion of Gravel Road which crosses Parcel C because the plaintiff had expended substantial money and labor in construction of the road with the knowledge and acquiescence of Field, who never interfered. He found that Jeannette Field acquiesced and was guilty of laches. He ruled that the defendants Emory C. and Jennie S. Broadhurst were bound as assignees and grantees of the Fields. This was error. Whatever may be said for the doctrines of acquiescence and laches as equitable defenses to a complaint for trespass or encroachment, see *Ferrone* v. *Rossi,* 311 Mass. 591, 593-595 (1942); *Peters* v. *Archambault,* 361 Mass. 91, 92-93 & n.2 (1972), these equitable principles may be used as a shield but not as a sword. They may save a defendant from the expense of removing a structure built on another's land, *Harrington* v. *McCarthy,* 169 Mass. 492,

494-495 (1897); *Geragosian* v. *Union Realty Co.*, 289 Mass. 104, 108-110 (1935); but they do not assist one in the position of the plaintiff in acquiring an easement over another's land.

The letter to which Field attached the legend about a right of way was dated June 10, 1963. At that time an unsealed instrument could create no interest in land.[3] *Brady* v. *Blackinton*, 174 Mass. 559, 562 (1899).

3. *Motion for relief from judgment.* All defendants claim to be aggrieved by the denial of their motion for relief from judgment, which was based on a network of allegations of forgery of the "right of way" language on the letter of June 10, 1963, and of perjury of the plaintiff. Our disposition of the issue considered in the preceding section renders any discussion of that motion unnecessary.

4. *Conclusion.* The order denying the motion for relief from judgment is affirmed. The judgment is modified by striking paragraph 8, dealing with the portion of Gravel Road which runs over Parcel C, and, as so modified, is affirmed. Costs of appeal are not to be awarded to any party.

*So ordered.*

---

[3] General Laws c. 183, § 1A, inserted by St. 1977, c. 152, which eliminates the need for a sealed instrument for the purpose of affecting an interest in land, was not approved until May, 1977.