EUGENE LaFLEUR *vs.* ALFIE RENE CYR & another[1]. December 22, 1980. LaFleur sought to recover from Cyr and his wife (the Cyrs) for injuries suffered in a fall on November 15, 1975, from a porch on the second floor of a four-tenement apartment house at 33 Southwick Street, Chicopee, shared by Roger Champagne with another apartment on that floor. The premises were owned by the Cyrs. A railing of the porch gave way and LaFleur and one Miller fell to the ground. Champagne was about to move to other premises and LaFleur, Miller, and one Kogut had gone to the house to help Champagne remove his furniture and other belongings. There was a special verdict that the Cyrs were not negligent. A motion for a new trial was denied. LaFleur appeals from the judgment for the Cyrs and from the denial of a new trial.

---

[1] None of the other grounds set out in G. L. c. 30A, § 14(7), for setting aside the decision of an agency was relied on by the judge.

[1] Emma H. Cyr, wife of Alfie Rene Cyr.

1. The judge charged that the plaintiffs had to satisfy the jury "by the fair weight of what you decide is the credible evidence that the . . . [Cyrs] didn't measure up to the obligations and duties of landlords." The judge then went on to define the obligation of the landlords and also instructed that the "railing on the second-floor porch is under the control of the owner." See *Finn* v. *Peters*, 340 Mass. 622, 624-625 (1960); *Crowell* v. *McCaffrey*, 377 Mass. 443, 449-450 (1979). He put as the first question to be decided, "[D]id this landlord . . . take the reasonable, necessary steps to keep that rail in a safe condition for the tenants and for the visitors of the tenants who are entitled to have a reasonabl[y] safe railing there?" The record appendix shows no intelligible objection to the portions of the charge mentioned above. In any event and in context, however, this brief instruction was sufficient to tell the jury about what the plaintiffs must show to establish negligence on the part of the Cyrs.

2. There was somewhat conflicting evidence about the state of the railing before the accident and the extent of repairs to it and inspection of it by the Cyrs. LaFleur testified that he did not move any furniture from the porch over the railing. Cyr then testified without objection that he had talked on the evening of the accident to a tenant, Mrs. Boisvert, who had died prior to trial. She told him that she had not seen "the railing fall but . . . she saw someone handing a chair down to someone over the railing." A memorandum recording this conversation, written by Cyr three days after the accident, was produced when counsel for the plaintiffs asserted that Cyr's account of his conversation with Mrs. Boisvert was a "recent contrivance." This memorandum of a statement of a person dead at the time of trial (see G. L. c. 233, § 65), could be received in view of the recent fabrication claimed by LaFleur's counsel. See *Walsh* v. *Wyman Lunch Co.*, 244 Mass. 407, 409 (1923); *Wilson* v. *Jeffrey*, 328 Mass. 192, 194 (1951); *Commonwealth* v. *Pickles*, 364 Mass. 395, 401 (1973); *Commonwealth* v. *Hoffer*, 375 Mass. 369, 375-376 (1978); *Commonwealth* v. *Darden*, 5 Mass. App. Ct. 522, 527-528 (1977).

3. The issue of the plaintiff's negligence was left to the jury. LaFleur's only objection to this part of the charge was that his counsel perceived no evidence of LaFleur's negligence. Such evidence was provided by Mrs. Boisvert's account that a chair was passed across the railing prior to the accident and the testimony that Miller was leaning on the railing and that LaFleur joined in doing so. Compare *Paluch* v. *Erie Lackawanna R.R.*, 387 F.2d 996, 999 (3d Cir. 1968), where the court found no evidence of contributory negligence on the plaintiff's part. As the jury found no negligent conduct by the Cyrs, we do not consider any possible inadequacies (not the subject of objection) in the charge on the plaintiff's negligence. Compare *O'Brien* v. *Willys Motors, Inc.*, 385 F.2d 163, 166-167 (6th Cir. 1967).

4. Because of the evidence (about the chair and the leaning on the railing), there was no occasion for the judge to give certain requested instruc-

tions based upon the theory that the fall of La Fleur and the railing was such an unexplained, unusual event that the jury could draw from its occurrence alone the conclusion that it would not have occurred if the Cyrs had not been negligent. See *Evangelio* v. *Metropolitan Bottling Co.*, 339 Mass. 177, 180 (1959). On the evidence there was sufficient possibility that La Fleur and those working with him may have caused damage to the railing by passing a chair or chairs over it, or that any defect was not discoverable by the Cyrs in the exercise of reasonable care (see *Hadley* v. *Hillcrest Dairy, Inc.*, 341 Mass. 624, 630-631 [1961]), so that the requested instructions were not required. *Coyne* v. *John S. Tilley Co.*, 2 Mass. App. Ct. 641, 645-647 (1974), *S.C.* 368 Mass. 230 (1975). *A. Shapiro Realty Corp.* v. *Burgess Bros.*, 491 F.2d 327, 330-332 (1st Cir. 1974). See also *Bristol Wholesale Grocery Co.* v. *Municipal Lighting Plant Commn.*, 347 Mass. 668, 673 (1964). Compare *DiRoberto* v. *Lagasse*, 336 Mass. 309, 311-312 (1957), where a pipe supporting an awning fell from unexplained causes when no one was on or about the roof of a booth to which the awning was connected; *Purdy* v. *R.A. McWhirr Co.*, 350 Mass. 769 (1966), where, in holding that the trial judge correctly denied a directed verdict, it was said that the plaintiff was not bound to point out just how a pile of heavy cartons in the defendant's store fell on the plaintiff, an unexplained accident, as long as she "showed a greater likelihood that her injuries came from an act of negligence for which the defendant was responsible." The court took the view that "leaving the cartons in a state of precarious balance" could be found to have been negligent.

5. The contentions upon the motion for a new trial, so far as shown by the record, seem largely repetitive of contentions made or considered at trial. The judge did not abuse his discretion in denying the motion.

*Order denying motion for new trial affirmed.*

*Judgment affirmed.*

*Louis Kerlinsky* for the plaintiff.
*Thomas J. Donoghue* for the defendants.