Silva, J.
In this action the plaintiff seeks to recover damages caused to his home in Nantucket, when a motor vehicle, owned by the defendant and operated by a person whose identity is unknown, crashed into the front portion of the dwelling.
On August 24,1982 the defendant parked his Ford pick-up truck at the A & P market parking lot at about 11:30 p.m. He left the truck unlocked, unattended and the keys remained behind in the ignition. When the defendant returned to the parking spot one hour later the truck was gone. The police were notified and the incident was deemed to be unauthorized use.
The parties submitted on an agreed statement of facts and judgment entered for the defendant. For purposes of this appeal the matter is deemed to be a “case stated.” The responsibility of this division is to order the correct judgment upon a case stated, without reference to the decision of the trial justice. Parker v. Morrell, 59 Mass. App. Dec. 34, 35 (1976); Copeland v. Moss, 49 Mass. App. Dec. 150, 153 (1972). All questions of fact and law are open to review, Daniello v. Baybanks, Inc., 1978 Mass. Adv. Sh. 369, 372, and all reasonable inferences may be drawn from the statement of facts, irrespective of whether they are the same or contrary to conclusions reached in the Trial Court. Clayton v. Grebel, 42 Mass. App. Dec. 190, 194 (1969).
The plaintiffs position is that the act of allowing an unattended motor vehicle to remain in a parking lot with the keys therein was a violation of G.L. c. 90, § 13 and constituted negligence. However, G.L. c. 90, § 13 only applies to a vehicle left unattended in “anyway.” A way is defined in G.L. c. 90, § 1 as, “any public highway, private way laid out under authority of statute, (or) way dedicated to public use....” We believe that a private parking lot does not fit within this definition of a “way” and, therefore, that the statute was not violated. In any event, the violation of a statute is not conclusive on the issue of liability, but is only-evidence of negligence on the part of the violator as to all consequences that the statute was intended to prevent. Scott v. Thompson, 5 Mass. App. 372 (1977). La Clair v. Silberline Mfg. Co., Inc., 379 Mass. 21 (1979). “Nothing is added by the defendant’s knowledge that thieves might take the automobile if left unlocked. Theft of the automobile was undoubtedly a consequence intended to be prevented by the statute. But it is quite another thing to say that injuries sustained through the operation of the automobile by *21 thieves in the circumstances here disclosed were consequences intended to be prevented. Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributory cause of the injury.... It is settled in this jurisdiction that the injuries here were not a proximate result of the defendant’s negligence.... The plaintiffs contentions go far toward making the defendant an insurer as to the consequences of every accident in which his automobile might become involved while operated by the original thieves or their successors in possession.” Sullivan v. Griffin, 318 Mass. 359, 361, 362 (1945).
If one leaves his automobile on a public way unattended without first locking or making it fast in violation of G.L. c. 90, § 13 and a thief steals it and negligently injures someone, the injured party cannot recover because the owner’s negligence, as a matter of law, is not considered to be the proximate cause of the injury. Galbraith v. Levin, 323 Mass. 255, 259 (1948).
However, in the present case, since we find no violation of G.L. c. 90, § 13, and therefore, no evidence of negligence, we need not reach the issues of statutory intent and causation.
Report dismissed.