MARGARET OSBORNE & another[1] *vs.* HEMINGWAY TRANSPORT, INC. No. 88-P-1362. February 28, 1990. *Negligence,* Hand cart, Res ipsa loquitur.

Although a jury awarded the plaintiffs, the wife and minor son of Leon Osborne (Osborne), damages against the defendant for loss of consortium, the trial judge allowed the defendant's motion for judgment notwithstanding the verdict. See *Soares* v. *Lakeville Baseball Camp, Inc.,* 369 Mass. 974, 975 (1976). In considering the plaintiffs' appeal, we must construe the evidence most favorably to the plaintiffs, and in determining whether there was error by the trial judge, we must apply the test "whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.' " *Poirier* v. *Plymouth,* 374 Mass. 206, 212 (1978), quoting from *Raunela* v. *Hertz Corp.,* 361 Mass. 341, 343 (1972). See also *O'Shaughnessy* v. *Besse,* 7 Mass. App. Ct. 727, 728-729 (1979). Following this standard, we agree with the judge that there was in this case insufficient evidence of negligence to present a jury question, and, accordingly, we affirm the judgment.

Employed by the defendant as a dockworker, Osborne was required to unload freight from trucks and to reload it onto other trucks for different destinations. He moved and lifted freight on forklifts, two-wheel dollies and four-wheel carts, but mainly on four-wheel carts.

There were probably five hundred such carts on the defendant's dock. The carts were described by Osborne. Their front wheels swiveled. At the back wheels were upright pieces of pipe with a handle which enabled a dockworker to push the cart from one truck to another. Each cart had a hand brake on the handle as well as a foot brake. To operate the hand brake, a lever on the handle of the cart was squeezed, and to operate the foot brake a steel bar between the pipes was pressed by foot. The position of the bar indicated whether the foot brake was in a locked position; a worker could not see underneath the cart to determine whether or not the footbrake had engaged.

During the two-year period that Osborne had worked for the defendant, the carts had broken from time to time. He had experienced problems — "one of the wheels would fall off, a piece of metal would break, or something would be sticking out in a hazardous way, the brakes may not work." There was a special area for damaged carts where they were placed for repairs and tipped over so that no one would use them. Osborne did not

---

[1]Derek Osborne.

know if any were, in fact, repaired, but he knew that defective carts were to be placed in a corner area. He had never observed inspections or maintenance performed on the carts and had never heard of any regular inspection process. It was important that the foot brakes worked properly, otherwise the cart "would roll down as you were looking for the freight that you had to put on it, and it would roll down and hit you in the ankles."

At the time of the accident, April 3, 1980, Osborne was moving a carton weighing about 150-175 pounds onto a four-wheel cart. This was not unusual, but rather something he had done a dozen times a day for two years. His procedure was to "squat down . . . . and . . . roll [the carton] like a square wheel . . . and try to roll it up and catch it on the cart and throw it up on the cart." In each instance, prior to loading the cartons he would set the foot brake so the cart would not roll away from or towards him. After setting the foot brake in a locked position on the day in question, as Osborne rolled the package onto the cart, "the cart moved away — and out of reaction of it rolling away, I stretched out to stop it from rolling and I felt something snap in my back."

The loss of consortium claims were based on Osborne's back injuries which on the evidence could be found to be due to the April 3, 1980 incident.[2] (In actions for loss of consortium, the claim is not defeated by the negligence, if any, of the injured worker. *Marques* v. *Bellofram Corp.*, *ante* 277, 283 [1990].)

The plaintiffs urge that the verdict may be supported by reference to the doctrine of res ipsa loquitur. The mere occurrence of an accident, however, without more, is insufficient evidence of negligence. In order to find liability on the basis of res ipsa loquitur, that is, on the basis of circumstantial evidence, see *Zezuski* v. *Jenny Mfg. Co.*, 363 Mass. 324, 330 (1973), *Clark-Aiken Co.* v. *Cromwell-Wright Co.*, 367 Mass. 70, 77 n.6 (1975), there must be an unusual occurrence or other circumstances from which a jury could reasonably find that the accident is of a kind that would not have happened in the ordinary course of events unless there was negligence by the defendant.[3] *Evangelio* v. *Metropolitan Bottling Co.*, 339 Mass. 177, 180 (1959). There were here no such circumstances. There was, for example, no loose spring or frayed strap found after the accident warranting a finding that it was more probable than not that a deteriorating condition would have been visible on reasonable inspection. See *Brady* v. *Great Atl. & Pac. Tea Co.*, 336 Mass. 386, 390 (1957); *Wilson* v. *Honeywell, Inc.*, ante 298, 300-301 (1990).

---

[2] Consortium actions for spouses and children of employees covered by workers' compensation have been abolished by G. L. c. 152, § 24, effective December 10, 1985.

[3] In order to permit a jury to infer that a defendant was negligent, there also must be evidence that the defendant had sufficient control of the instrumentality. *Brady* v. *Great Atl. & Pac. Tea Co.*, 336 Mass. 386, 391 (1957). See Restatement (Second) of Torts § 328D comment *g* (1965).

While the carts, which were obviously subjected to rough usage, often needed repairs, there was nothing to show that any reasonable precautions which the defendant could have taken would have prevented the accident or that the problems, including brake failure, were not the result of the inevitable frequent jostling of the carts. On the evidence there was a sufficient possibility that the defect in the cart was not discoverable by the defendant in the exercise of reasonable care, see *LaFleur* v. *Cyr*, 11 Mass. App. Ct. 891, 893 (1980), so that the jury were not warranted in finding that it was more probable than not that the footbrake failed because of the defendant's negligence.

*Judgment affirmed.*

*Paul F. Leavis* for the plaintiffs.
*Louis Barsky* for the defendant.