Sherman, PJ.
In this action of tort, the plaintiff seeks to recover for damage to his property which occurred when an unknown person, who had stolen the defendant’s automobile, negligently operated the same causing damage to said property.
Theplaintiff maintains thatthedefendantwasnegligentasaresultofher having left the keys to her motor vehicle on a barroom counter at premises which she owned at 8:00 p.m. on the date of the occurrence. The defendant first learned that the keys to her motor vehicle had been misappropriated when she was informed by the police at 1:00 a.m. that her motor vehicle, operated by an unknown person without her authority, had caused damage to the plaintiffs property.
Based upon the foregoing facts, the defendant submitted a motion for summary judgment to the trial court. The plaintiff claims to be aggrieved by the allowance of said motion.
The application of Dist./Mun. Cts. R. Civ. P., Rule 56 should be done cautiously *3 since the same often has the effect of resolving important and substantial issues without a trial All doubt as to the existence of the material facts must be resolved againstthe moving party who has the burden of affirmatively demonstratingthat there is no genuine issues of fact on every relevant issue raised by the pleadings, even though the moving party would not have the burden of proof on those issues if the case were to go to trial. Attorney General v. Bailey, 386 Mass. 367 (1982).
An opposing party must respond by setting forth specific facts which show that there is a genuine, triable issue, or summary judgment will be entered against him. He may not simply rest on his pleadings. Davidson v. Commonwealth, 8 Mass. App. Ct. 541 (1979). The two final sentences of Rule 56(e) provide:
When a motion for summary judgment is made and supported as provided in this rule, the adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
Paragraph (c) of Rule 56 provides in part that in determining whether or not a genuine issue of material fact exists, the court may consider the “pleadings, depositions .... on file, together with the affidavits, if any.” Although not attached to the motion, the deposition of the defendant was filed with the court and was available for the trial judge’s examination.[2]
In all actions of negligence, the burden is upon the plaintiff to establish that the defendant’s breach of duty was the proximate cause of the plaintiffs injury. With respect to duty, one is bound to anticipate and provide against what usually happens and what is likely to happen, but one is not bound to guard against what is unusual and unlikely, or what, as is sometimes said, is only remotely and slightly probable. Zompanti v. Ferguson, 336 Mass. 167 (1957). “Foreseeability” involves both the duty of reasonable care and the element of proximate causation. A defendant cannot be bound to foresee or take precautions against something that is only remotely possible. Such causal connection cannot be left to conjecture, surmise or speculation, but must rest upon a firm foundation of proof. For the purposes of this opinion, we will assume that the defendant’s actions constituted negligence, and that the dispositive issue is reduced to one of proximate causation.
In Jesionek v. Massachusetts Port Authority, 376 Mass. 101 (1978), where keys were left in the ignition of a forklift which a drunken sailor took joy riding on Massport property, the Mass. Port Authority was held responsible because the tortious act of the sailor could have been foreseen. Since the forklift had not been stolen, the Court said:
The general rule is that “the act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrong-doer, if such action ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious *4 consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.’
Id. at 105.
The Jesionek Court further noted that “[t]he cases which have absolved an owner of a vehicle of liability when that vehicle has been stolen constitute a narrow exception to this general rule and represent an independent legal judgment that the individuals are not bound to anticipate or guard against the actions of thieves.” Id. at 105. See Slater v. Griffin, 318 Mass. 359 (1945); Galbraith v. Levin, 323 Mass. 255 (1948); West v. Kendall, 1989 Mass. App. Div. 20 (So. Dist. No. 481) (in dicta).
The plaintiff relies on Jesionek v. Massachusetts Port Authority, supra at 105, for the proposition that “such an exception to the general principles of negligence liability, however, should be applied only when the specific facts justifying the exceptions are present” It is here that plaintiff mistakenly asserts that the determinative fact is whether the car keys are left in the ignition, rather than whether the vehicle was stolen as held by the Court in Jesionek. Having conceded that the vehicle was stolen, the plaintiff necessarily conceded that the exception to the general rule of liability applied to the defendant in the case before us.
Furthermore, quite contrary to what plaintiff would have this Division believe, the Court in Jesionek did not cite Hergenrether v. East, 39 Cal. Rptr. 4, 393 P.2d 164 (1964) for the proposition plaintiff suggested, nor was it cited as authority in Massachusetts.[3] Rather, the Court explicitly declined to decide whether any modifications of the present law were warranted, and merely referenced Hergenrether in footnote 3 of its opinion as an example of what such a modification might consist. See Jesionek v. Massachusetts Port Auth., supra at 105.
The plaintiff asks this Division not to apply the exception to liability for owners of a stolen automobile because the car keys were left on the bar counter in defendant’s place of business, rather than in the car’s ignition which plaintiff acknowledges falls under the exception. Defendant was correct in arguing that the claim of proximate causation is even weaker when the keys are not in the ignition. Summary judgment was properly granted. The report is dismissed.

 The docket suggests that the court’s action upon the defendant’s summary judgment motion entailed consideration of the motion itself, supporting affidavit, plaintiffs opposing memorandum, pleadings, answers to interrogatories and defendants deposition. None of these materials were attached to, or incorporated into, the unduly sparse report presented to this Division. Rule 64(c) of the Dist/Mun. Cts. R. Civ, P. mandates that a report shall contain all matters essential to appellate review of the issues raised.
The Appellate Division is bound by the contents of the report and may not consider matters notsetforth or summarized therein. Schraeder v. Assembled Homes, Inc., 28 Mass. App. Dec. 195 (1964). Briefs form no part of the report We note that the copy of the defendants deposition which was appended to the plaintiffs brief has been examined, but contains nothing to alter our decision based upon the report.

 Plaintiffs brief cites Hergenrether v. East, supra at 6 for the proposition that there is a “duty to prevent such harm [the leaving of a car in a position of no harm until a thief takes it] [which] would involve more than just a duty to control the car, it would involve a duty to prevent action of a third person.” The Supreme Court of California went on to note, however, that there is ordinarily no duty to prevenía third personffomcausingharmabsentaspecial relationship, and that such an unusual duty could be imposed on a defendant only upon a proof of special circumstances creating a greater potential of foreseeable risk or more serious injury. The court concluded that “each case must be considered on its own facts to determine whether the joint effect of [special circumstances] in total justifies the conclusion that theforeseeable risk of harm imposed is unreasonable, and that the defendant owner or one in charge of a vehicle has a duty to third persons in the class of the plaintiffs to refrain from subjecting them to such risk.” Id. at 7. We reiterate that Hergenrether is not the Massachusetts rule.