Greco, J.
This is an action in tort brought by the parents of plaintiffs Tamika and James Richardson for injuries sustained on the business premises of defendant Foodmaster Supermarket, Inc. when a shopping carriage in which infant James was seated fell over on top of his eight year old sister, Tamika.
The action on behalf of James was dismissed upon the defendant’s Mass. R. Civ. R, Rule 41(b) (2) motion filed at the close of the plaintiffs evidence. After trial, the court found for the defendant on those counts of Tamika’s complaint which alleged negligence in maintaining a defective shopping carriage and in failing to warn of the defective condition of the carriage. The court held the defendant liable, however, for the alleged negligence of its employee in loading the groceries into the carriage, and entered judgment for plaintiff Tamika Richardson in the amount of $4,875.00. The defendant thereafter filed this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal.
1. We note at the outset that, contrary to the plaintiffs assertions, the defendant’s appeal was timely filed. Judgment was entered on August 28, 1996. The docket entries indicate that the defendant filed a Mass. R. Civ. R, Rule 52(b) motion to amend the court’s findings and judgment on September 10,1996. The motion was denied on October 8,1996, and the defendant filed its notice of appeal on October 18,1996.
Pursuant to Dist./Mun. Cts. R. A D. A, Rule 4(a), a notice of appeal must be filed within ten days Of the entry of judgment. If, however, a motion under Rule 52(b) or 59 to alter or amend judgment or for a new trial is “timely served or filed in the trial court,” a new “ten-day time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.” See generally, Manzaro v. McCann, 401 Mass. 880, 882 (1988); Barrett v. Pereira, 1997 Mass. App. Div. 45, 45-46. It is clear that the defendant herein filed its notice of appeal within ten days of the denial of its Rule 52(b) motion. The issue is whether the motion itself was “timely served or filed in the trial court.”
The plaintiff argues that as the docket indicates the motion was filed on Tuesday, September 10,1996, the motion was one day late[3] and thus did not toll the ten day period for filing the defendant’s notice of appeal. See Piedra v. Mercy Hospital, *50 Inc., 39 Mass. App. Ct. 184, 187 (1995); Muir v. Hall, 37 Mass. App. Ct. 38, 41 (1994). However, because Rule 52(b) provides that a motion to alter or amend findings must be “made” rather than “filed” within ten days of judgment, such a motion is timely if it is served upon the opposing party within the ten day period and filed within a reasonable time thereafter. Davenport v. Broadhurst, 10 Mass. App. Ct. 182, 184 (1980). The certificate of service accompanying the defendant’s Rule 52 (b) motion indicates that a copy of the motion was mailed postage prepaid to the defendant on September 9, 1996. As service is complete upon mailing, Mass. R. Civ. R, Rule 5(b), the defendant’s motion was made timely, within ten days of judgment, and was filed within a reasonable time on the day following service. Id. at 185: Cardiff v. Dalpe, 1982 Mass. App. Div. 43, 44. The defendant’s motion thus effectively tolled the Rule 4(a) time for filing a notice of appeal.[4]
2. The sole issue on this appeal is whether the evidence.was sufficient to warrant the court’s finding for the plaintiff. The defendant effectively raised this issue in the trial court and preserved it for appellate review by filing a motion for involuntary dismissal and a number of “negative warrant” requests for rulings of law that the evidence required a finding in its favor.
As noted, the trial court did find that the evidence was insufficient to support a judgment “arising out of any allegations of a defective shopping carriage and [the] failure of... Foodmaster... to warn” of any such defect. The defendant was instead held liable solely for its negligence in “the loading of the shopping cart during the family’s checkout procedures.” Specifically, the court found that the bag boy
had the best opportunity to notice that the shopping carriage due to the load in it and any other external force being applied to it was about to tip over, [but] failed to take proper steps to prevent the tip over or to warn the plaintiffs and their parent/aunt of the likelihood of a tip over.
The defendant, as a business owner, had “a duty of ordinary care to maintain its business in a reasonably safe condition, and to warn against any danger of which his patrons are unaware, but which is known or should be known to him.” Draper v. Kids “R” Us, 1996 Mass. App. Div. 27, 28. See also, Toubiana v. Priestly, 402 Mass. 84, 88 (1988); Ventor v. Marianne, Inc., 1 Mass. App. Ct. 224, 225 (1973). While the plaintiff was not obligated to exclude all other possible causes of her injury, she was “required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant [was] responsible than from a cause for which the defendant [was] not liable.” Bigwood v. Boston & No. St. Rwy., 209 Mass. 345, 348 (1911). See also Corsetti v. Stone Co., 396 Mass. 1, 23-24 (1985); LaFleur v. Cyr, 11 Mass. App. Ct. 891, 893 (1980). “A recovery in a negligence case cannot be based on conjecture or speculation as to causation.” Borden v. Betty Gibson Assoc., Inc., 31 Mass. App. Ct. 51, 55 (1991). See also LaClair v. Silberline Mfgr. Co., 379 Mass. 21, 32 (1979); Picard v. Clifford, 1991 Mass. App. Div. 2, 3.
The judgment for the plaintiff in this case could have been based only on “con *51 jecture or speculation.” It is unclear whether the trial court found that the carriage was not defective, or simply that the defendant was unaware of any defect. However, even if the court implicitly found that the carriage had a tendency to veer to one side when being used or that its wheels were “wobbly,” the record is devoid of any evidence that either condition would make the carriage more likely to tip over under any set of circumstances. Indeed, the plaintiff’s mother herself testified that the carriage stayed “equally placed on four wheels.” Further, there was nothing in the record to indicate that tire bag boy knew of any problem with the carriage before the accident happened. The only evidence on this point was that the bag boy demonstrated that the carriage was wobbly after the accident.
The bag boy was apparently faulted for loading groceries on one side of the carriage and/or failing to stop the carriage from tipping even if some “external force” caused it to tip. As to the former, the eight year old plaintiff testified that the bag boy “put the groceries on one side” of the carriage, but there was no proof of any kind that such placement would make the carriage more likely to tip over. With respect to the bag boy’s failure to stop the accident from happening, there was no evidence of how quickly the carriage tipped over, whether the bag boy even saw it tip, or whether his attention was understandably diverted elsewhere as, for instance, while he turned to get another bag to put in the carriage. Further, there was no finding as to the nature or identity of the “external force.” The only possibility alluded to in the testimony was the plaintiff’s own actions. There was evidence that she was hanging on to the carriage as she was talking to her brother who was seated in it. Evidence was also admitted without objection that the plaintiff’s mother told a store employee after the accident that her daughter had knocked the carriage over. Finally, whatever this “external force” was, there was no evidence that the bag boy had time to react to it. Certainly the plaintiff’s aunt, who was standing right next to the plaintiff and holding her hand, was unable to react to prevent the carriage from tipping over.
There is, in short, no fair basis for an imposition of liability on the defendant supermarket in these circumstances. The lowest level employees cannot be realistically expected to protect customers from such mishaps. This case is unlike those where recoveries by the plaintiffs were upheld because the actual cause of the injury was known, or could at least be reasonably inferred. See, e.g., Brady v. Great Atlantic & Pac. Tea Co., 336 Mass. 386 (1957) (strap to baby seat of shopping carriage broke) and Mills v. Stop & Shop, Inc., 48 Mass. App. Dec. 206 (1972) (shopping carriage collapsed when one of its wheels came off). The plaintiff’s claim more closely resembles cases like Landon v. First National Stores, Inc., 353 Mass. 756 (1967), affirming a directed verdict for the defendant store, where the only evidence was that the plaintiff-customer fell in an area of an aisle which was within two feet of a carton earlier placed there by a store employee.
Accordingly, the trial court’s judgment for the plaintiff is reversed and vacated. Judgment is to be entered for the defendant on all counts.
So ordered.

 As the tenth day after judgment fell on Saturday, September 7,1996, the defendant had until Monday, September 9, 1996 to make a timely Rule 52(b) motion. Mass. R. Civ. P, Rule 6(a); Dist./Mun. Cts. R. A D. A, Rule 14(a).

 The defendant has argued that its Rule 52(b) motion was in fact filed on September 9, 1996, and that the docket entry indicating a September 10th filing is incorrect. Whether the trial court resolved the factual dispute as to the actual date of filing in the defendant’s favor or simply concluded, upon proper Rule 52 (b) analysis, that the defendant’s motion was timely made when served on September 9, 1996, it is clear that the court considered and correctly decided the issue of the timeliness of the defendant’s appeal. A docket entry of November 12,1996 notes that the defendant’s Rule 8C appeal was “timely filed.” More significantly, the trial court denied, after hearing, the plaintiff’s August, 1997 motion to dismiss the appeal on the grounds, inter alia, that it was not “timely pursued.”