Toomey, J.
INTRODUCTION
The plaintiff, Kathleen McDonald (“McDonald”), brings this action alleging that the defendants, Richard Zaniboni and Sharon Zaniboni (collectively, “the Zanibonis”), individually and as trustees of R&S Realty Trust, negligently failed to remove an unnatural accumulation of snow and ice in the parking lot of their property and thereby created an unsafe condition which resulted in plaintiffs fall and injury. This matter is currently before the court on the Zanibonis’ motion for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the reasons stated below, the Zanibonis’ motion for summary judgment is ALLOWED.
BACKGROUND
On or about February 16, 2000, at 7:50 a.m., McDonald left her apartment and walked through the parking lot to her car, located at the front side of the lot. She cleared snow off her windshield, started her car, activated her defroster and put bags in her car. Intending to discard some trash, McDonald began walking toward a dumpster located approximately fifty feet from her car at the center rear of the parking lot. Approximately halfway to the dumpster, she slipped and fell on an icy patch hidden underneath a light dusting of snow, less than a quarter of an inch in depth. The snowfall had commenced the previous evening and continued through the morning.
The Zanibonis had hired Trillium Landscape to plow, sand and salt their parking lot. Trillium’s practice was to clear the center area of the parking lot and any other areá as to which there was sufficient space to enable Trillium to clear to the sides of the lot. Cars customarily parked on both sides of the parking lot; snow and ice would naturally accumulate between and around those “side” parking spaces when Trillium was unable to plow the areas neighboring the parked cars. It is unlikely that Trillium plowed, sanded or salted on the day McDonald fell because, prior to February 16, 2000, there had been no precipitation for approximately a week.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). In assessing a Rule 56 motion, “[t]he evidence of the non-movant [here McDonald] is to be believed and all justifiable inferences are to be drawn in his favor .’’Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)). Of course, “the nonmoving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for tried.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991).
*137 At bar, McDonald claims that she fell because of an unnatural accumulation of snow and ice on the defendants’ property. The duty owed by a landowner to someone lawfully on the owner’s premises is one of reasonable care under the circumstances. See Mounsey v. Ellard, 363 Mass. 393, 707-08 (1973). The duty of reasonable care, however, “does not make landowners and occupiers insurers of their property nor does it impose unreasonable maintenance burdens. ”Aylward v. McCloskey, 412 Mass. 77, 80 (1992), citing Mounsey, 363 Mass. at 709. And, of particular pertinence to the case at bar, we are guided by the principle that “(a]s a general rule, there is no duty by a landowner to remove a natural accumulation of snow or ice.” Anderson v. Fox Hill Village Homeowner’s Corp., 424 Mass. 365, 367(1997). See Sullivan v. Town of Brookline, 416 Mass. 825, 827 (1994).
It is well settled, at least in the environs in which this court’s litigants do annual battle with the elements, that not every human act or failure to act transforms natural accumulation of ice and snow into an unnatural accumulation to which liability may attach. We are instructed that shoveling snow into a pile is not deemed to constitute an artificial condition: nor will refrozen run-off from such a pile create liability. Cooper v. Braver, Healey & Co., Inc., 320 Mass. 138, 139-40 (1946). See Wetmore v. Whitehead, 1998 Mass.App.Div. 211 (1998). Similarly, the mere act of shoveling a path, on which remaining snow and ice re-freezes, is not usually sufficient to occasion a finding of liability for an “unnatural” accumulation. Sullivan, 416 Mass. at 828.
In Massachusetts, “landowners are liable only for injuries caused by defects existing on their property and . . . the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all.” Aylward, 412 Mass. at 79. Liability may arise, “in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors.” Sullivan, 416 Mass. at 827. The landowner’s act or failure to act may change the condition of the snow or ice, transforming it into an unnatural accumulation in two situations: (1) where a structure or condition on defendants’ premises caused the accumulation of snow and ice, which freezes and creates a hazardous walking surface on defendants’ premises, or (2) where the property owner allows third persons to use the property in such a way as to create a dangerous condition. The determinative element of liability in these circumstances is the alleged tortfeasor’s generation of the hazard.
At bar, however, McDonald has produced no evidence suggestive of a genuine issue of material fact that the Zanibonis originated the peril. Although McDonald alleges that she made eight complaints in six years about the conditions of the parking lot and walk areas, she has failed to demonstrate that, at trial, she will produce sufficient evidence to permit a trier of fact to conclude that the Zanibonis failed to exercise, on February 16, 2000, reasonable care in the maintenance of their property.
First, McDonald does not argue that a structure or treatment on defendants’ premises caused the accumulation of snow and ice which then froze and created an hazardous walking surface. See Baldassari v. Produce Terminal Realty Corp., 361 Mass. 738, 744 (1972) (defendant liable for leaky roof that allowed melting snow to drip onto terminal platform, where it froze, creating hazardous walking surface). Rather, McDonald claims that liability on the part of the defendants was created when a plow, after clearing snow from the center of defendants’ lot, failed to remove snow and ice accumulations from between vehicles, which accumulations later melted, created an icy surface on the property and caused her to slip and fall.
Thát evidence is insufficient to defeat summary judgment because McDonald fails to show that defendants’ alleged negligence in plowing likely created the slippery condition in the parking lot. At most, McDonald’s submissions suggest that the unplowed, natural accumulation of snow melted, flowing into low spots in the parking lot which later formed icy patches. The mere flowing of water from a natural accumulation and the subsequent formation of ice do not evidence negligence. See Cooper, 329 Mass. at 139-40. At bottom, McDonald has offered no evidence sufficient to warrant a finder’s determination that either an existing defect on defendants’ property or the piling of snow artificially created a condition that increased or changed the direction of the flow of water upon the property. See Id. at 140. See also Baldassari, 361 Mass. at 744.
Second, McDonald fails to offer evidence that the defendants allowed third persons to use the property in such a way as to create a dangerous condition. In contrast to Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 501 (1972), where the plaintiff testified that she slipped on muddy ice amid tire marks and ruts three and four inches deep and covered and obscured by powdery snow, McDonald’s Rule 56 submissions suggest only that she slipped on an icy patch that was occasioned by melt re-freezing on the defendant’s property. McDonald does not contend that the icy patch contained ruts or tire marks indicative of an unnatural contribution from the plow service defendants had hired to clear the lot. On the contrary, she claims that snow and ice had melted and refrozen due to fluctuating temperatures. At most the evidence of record shows only that the plow failed to remove natural accumulations of snow between cars. There is no evidence that a third person created a dangerous condition on the defendants’ property in circum *138 stances permitting a finding that the Zanibonis were vicariously liable.
That a person slips and falls on ice on another’s property does not alone subject the property owner to liability. Collins v. Collins, 301 Mass. 151, 152 (1938). McDonald merely fell on an icy patch on defendants’ property, a patch caused by the natural melting of snow and ice and the subsequent natural refreezing thereof. At bar, there is particular pertinency to the sentiment that “(i]t is common knowledge that in this climate ... a number of conditions might exist which within a very short time could cause the formation of ice . . . without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even to ascertain its presence.” Id.
Third, there is no merit to McDonald’s argument that summary judgment should be denied because the doctrine of res ipsa loquitur may be employed to demonstrate a genuine issue of material fact as to the Zanibonis’ negligence. The contention is fatally undercut by the principle that “the mere occurrence of an accident, . . . without more, is insufficient evidence of negligence.” Osborne v. Hemingway Transport, Inc., 28 Mass.App.Ct. 944, 945 (1990). Res ipsa loquitur is only available in circumstances where an “accident is of a kind that would not have happened in the ordinary course of events unless there was negligence by the defendant.” Id. In the case at bar, however, there are other causative agencies illumined by the evidence, viz, the natural accumulation of snow and ice. Res ipsa is not a doctrine that can be used to remedy the inadequacies of McDonald’s evidentiary proffer.
CONCLUSION
Massachusetts law is clear that liability will not attach in circumstances where a property owner clear.' ■ a portion of an accumulation of snow or ice and a person is injured from slipping on the remainder unless some other force for which the owner is responsible recasts the natural into the unnatural. See Sullivan, 416 Mass. 825. There is no evidence at bar that the ice accumulated because of dripping from, or having been otherwise diverted in an unnatural course by, any defect in the premises. Glynn v. Blomerth, 312 Mass. 299, 301 (1942). Nor is there any evidence that the Zanibonis or their plow service converted the natural accumulation to a liability engendering unnatural collection. Accordingly, there being no showing, on this record, of a genuine issue of material fact that the Zanibonis, as landowners, owed McDonald a duty to clear naturally occurring snow and ice from their parking lot, the Zanibonis are entitled to summary judgment as a matter of law.
ORDER
For the foregoing reasons, it is ORDERED that the Zanibonis’ motion for summary judgment be and hereby is ALLOWED.