The defendant, Curran C. Chunn, appeals from a decision and order of the Appellate Division of the District Court Department affirming a District Court judge's findings that the defendant was responsible for two traffic citations. We affirm.
Background. On two occasions, October 1, 2015, and October 27, 2015, Somerville police Officer Robert Hickey was in the process of a motor vehicle stop when he noticed a different motor vehicle, registered to the defendant, pass by with an expired inspection sticker. On one of the occasions, Hickey was "walking back to [his] cruiser." On the other occasion, Hickey had "just exited [his] vehicle when [he] was approaching [the unrelated motor vehicle offender] that [he] had stopped at the time."[2] On both occasions, Hickey wrote the citation on the day he observed the defendant's vehicle; Hickey "mail[ed] out those citations" for the expired inspection sticker offense to the defendant at a date or time not specified. The Commonwealth acknowledges that Hickey has a practice of mailing traffic citations for "non-speeding" traffic infractions, "unless [the infraction] rises to the level of a severe safety issue." In addition, Hickey testified that on each occasion he "could not give [the citation] to the vehicle owner." Hickey also testified that he did not attempt to signal the defendant to pull over on either date, due to "the speeds he was going." The hearing judge found that Hickey could not stop the defendant's motor vehicle at the times it passed by him.
Discussion. On appeal, the defendant argues that G. L. c. 90C, § 2, required Hickey to give the citations to the defendant "in-hand" at the time and place of the alleged violation, and that his failure to do so requires dismissal of the citations.
General Laws c. 90C, § 2, the "no-fix" law, requires police officers assigned to traffic enforcement duty to "record the occurrence of automobile law violations upon a citation" and "give a copy of the citation to the violator at the time and place of the violation." In this case, it is undisputed that the defendant did not receive the citation at the time and place of the violation. It is the police department's burden to demonstrate that one of the statute's three justified exceptions to this requirement applies. Commonwealth v. O'Leary, 480 Mass. 67, 70 (2018), citing Commonwealth v. Mullins, 367 Mass. 733, 734-735 (1975).
The police department argues that the first exception, "the violator could not have been stopped," applies in this case. See G. L. c. 90C, § 2. During the hearing, the judge agreed and found that, on both occasions, the defendant could not have been stopped. To the extent that the defendant challenges the factual finding, we review findings of fact for clear error and consider a factual finding clearly erroneous "only if 'on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed.' " Davenport v. Broadhurst, 10 Mass. App. Ct. 182, 185 (1980), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The judge did not commit clear error in finding that the defendant could not be stopped.
The defendant also challenges what the police department concedes is Hickey's general practice of mailing citations for "non-speeding" offenses. While we agree that such a practice is contrary to G. L. c. 90C, § 2, and should not be condoned, that argument is beside the point in light of the express factual finding that Hickey could not have given a copy of the citation to the violator at the time and place of the violation.
Decision and order of Appellate Division affirmed.

The record does not indicate which series of events occurred on October 1, 2015, and which occurred on October 27, 2015.