Doyle, P.J.
This is an action in interpleader instituted by the plaintiff-real estate broker to resolve competing claims to a purchase and sales agreement deposit paid by the prospective purchasers, Robert J. Beauchesne (“Beauchesne”) and Pamela Faucher (“Faucher”), to the sellers, David F. and Karen L. Tich (“Tichs”).
Beauchesne and Faucher filed a cross-claim seeking the return of their deposit on the grounds that they had properly terminated the transaction pursuant to a mortgage contingency clause set forth as an addendum to the parties’ purchase and sale agreement. The Tichs filed a counterclaim alleging that they were entitled to retain the deposit because Beauchesne and Faucher breached the parties’ agreement by failing to make reasonable, diligent and good faith efforts to secure financing. Judgment was entered for defendants Beauchesne and Faucher in the amount of the deposit in question.
At trial there was evidence tending to show that on October 2, 1987, the parties executed a written agreement for the purchase and sale of residential property in Methuen, Massachusetts for a price of $165,000.00. Beauchesne and Faucher paid a deposit of $8,000.00 which is still held by the plaintiff-broker. Addenda “A” to the purchase and sale agreement states:
“This Agreement is subject to the Buyer’s using reasonable and diligent efforts to obtain mortgage financing of $120,000.00 at prevailing rates and terms on or before November 27, 1987 failing which, either the Buyer or the Seller, by notice in writing to the other party not later than 5:00 o’clock P.M., November 28,1987 shall have the right to cancel and terminate this Agreement, whereupon, all deposits shall be promptly refunded and upon such refund this Agreement shall become null and void without recourse to either party.... Written notice received by the DeWolfe Company/Emerson Real Estate will be deemed proper and conclusive.”
*183 Addenda “A” further states: “Buyer will obtain bridge financing if necessary for the December 15,1987 closing.”
On September 24,1987, prior to the execution of the parties’ purchase and sale agreement, Beauchesne and Faucher had applied to Northeastern Mortgage Company for financing. Northeastern conditionally approved their mortgage application by letter dated November 9, 1987. Such qualified approval listed nine conditions which were to be satisfied four days prior to December 15, 1987, the date set for the parties’ real estate closing. These conditions included the following:
2. Receipt and review of HUD Settlement Statement evidencing sale of 270 E. Haverhill St. and proceeds of $24,330.00; and
9. If bridge financing is required, loan is to be underwritten and qualified.
The East Haverhill Street property referred to in Condition 2 was a condominium in Lawrence, Massachusetts owned by Beauchesne and his parents as joint tenants. Faucher had no record interest in this property. In August, 1987, Beauchesne had advertised the condo unit for sale, but received no purchase offers. On September 28, 1987, Beauchesne signed a listing agreement giving McGovern Real Estate the exclusive right to sell the condominium unit. McGovern Real Estate had not shown the condo to any prospective purchasers at the time of Northeastern’s conditional approval of the mortgage application.
Defendant Faucher, as an employee of Arlington Trust Company, was eligible for favorable loan terms from that bank, including a waiver of application fees and “points” and reduced interest rates. On November 19, 1987, Faucher telephoned the Vice-President of Arlington Trust Co. to request a one year, unsecured loan of $24,000.00 for herself and Beauchesne. She indicated that she required a decision by the next day because of longstanding plans for a vacation beginning on November 21, 1987. Faucher was informed by telephone that same afternoon that her loan request had been denied. A formal rejection was issued by Arlington Trust Co. on Novmber 20, 1987 on the grounds that “income [was] insufficient for amount of credit requested.”
Beauchesne and Faucher informed Northeastern on November 20, 1987 that their loan request had been denied by Arlington Trust Co. No alternative sources of bridge financing were suggested by Northeastern’s mortgage agent who informed the defendants that Northeastern would deny their mortgage application on the basis of Arlington’s action. Northeastern’s agent testified that it would have taken seven days to rewrite and approve a mortgage application even if bridge financing could have been subsequently obtained.
On November 25, 1987, Beauchesne and Faucher notified the Tichs that they were unable to secure financing, were cancelling the agreement and demanding a return of their $8,000.00 deposit. The Tichs refused to authorize such return.
The trial court found that Beauchesne and Faucher had used reasonable and diligent efforts both to obtain a $120,000.00 mortgage at prevailing rates and terms and to comply with the “Mortgage and Purchase and Sale Agreement by applying for a bridge loan,” and were thus entitled to the return of their deposit.
The Tichs have prosecuted an appeal to this Division on a charge of error in the trial court’s disposition of what are termed requests for rulings of law. However, four of these requests do not seek legal rulings, but instead embody requests for findings of fact not required by the reported evidence. Castano v. *184 Leone, 278 Mass. 429, 431 (1932) A party is not entitled to such subsidiary, factual findings upon mere request in a district court proceeding. Dist. Mun. Cts. R. Civ. P., Rule 52(b). See also, Ashapa v. Reed, 280 Mass. 514 (1932). These requests were properly denied.
Request number 27,[2] which improperly posits a mixed question of law and fact, see Industrial Nat'l Bank of R.I. v. Leo's Used Car Exch., Inc., 302 Mass. 797 (1971), at least arguably preserved for appellate review the dispositive issue in this case; namely, whether the reported evidence supports the court's finding that Beauchesne and Faucher employed reasonable, diligent, but unsuccessful efforts to secure mortgage financing so as to entitle them to terminate the parties’ agreement and recover their deposit in accordance with Addenda "A". We note at the outset that, contrary to the Tichs’ curious, initial contention, there is no question herein that Beauchesne and Faucher failed to "obtain mortgage financing” as envisioned by Addenda “A". Northeastern’s conditional approval of their loan application did not constitute a financing commitment sufficient to suspend the operation of the mortgage contingency clause at issue or terminate the purchasers' rights thereunder. The validity of this proposition is illustrated as a practical matter by subsequent events in this case wherein Northeastern ultimately denied the prospective purchasers' mortgage application seven days before the expiration date of the contingency clause. Such denial left the defendants devoid of the needed financing, and thus in a position to terminate the agreement pursuant to a clause specifically designed to protect them from such a development..
The express condition precedent to Beauchesne and Faucher’s right to terminate the purchase and sale agreement was their exercise of reasonable and diligent, but unsuccessful, efforts to secure a mortgage commitment. It is familiar law that sufficient effort by a prospective purchaser signifies “activity reasonably calculated to obtain the approval by action or expenditure not disproportionate in the circumstances.” Stabile v. McCarthy, 336 Mass. 399, 404 (1957). See also, Sechrest v. Safiol, 383 Mass. 568, 571 (1981). What constitutes the requisite quantum and quality of financing activity constitutes a question of fact for resolution by the trial court on a case by case basis. Lynch v. Andrew, 20 Mass. App. Ct. 623, 625 (1985); Cardiffe v. Dalpe, 1982 Mass. App. Div. 43, 45. Subsequent appellate review is restricted to a consideration of whether the finding can be sustained upon a reasonable view of the evidence adduced at trial. Given this procedural posture and according the customary appellate deference to a court’s finding, C. C. T. Construc. Co. v. Coleman Bros. Corp., 8 Mass. App. Ct. 133, 135 (1979), we hold that the finding in favor of Beauchesne and Faucher is supported by the reported evidence in this case.
Although Beauchesne and Faucher submitted only one mortgage application, they had applied for such loan in September, 1987, and received a conditional approval of the same two and one-half weeks prior to the termination date of the mortgage contingency clause. Their efforts to satisfy the express conditions for Northeastern financing were more than “preliminary and indecisive.” Stabile v. McCarthy, supra at 406. Beauchesne had listed the Lawrence condominium for sale under an exclusive brokerage contract with a local realtor. The prospective purchasers also pursued an alternative to additional financing in the form of a personal loan application to Arlington Trust Co. where, as an employee, Faucher could have reasonably expected *185 favorable terms. We are cognizant of competing evidence introduced at trial suggestive of bad faith or lack of diligence on the part of Beauchesne and Faucher. Such evidence did not, however, require a finding in favor of theTichs as a matter of law. In short, Beauchessne and Faucher took affirmative action reasonably designed to secure mortgage financing, and were entitled to a return of their deposit upon a timely cancellation of the parties purchase and sale agreement.
Report dismissed.

 "27.1'pon all the evidence, the Defendants Beauchesne and Faucher did not use reasonable and diligent efforts in obtaining bridge financing, and therefore, where the failure of a condition is brought about by their own actions, they may not claim tlte benefit of that failure."