Dolan, J.
This case involves an appeal from the denial of a motion for reconsideration. The complaint in this action was served upon the defendants on February 16, 1988. By September 15,1988, answers had not been filed. Between these dates, defendants had twice been defaulted for Mure to answer, twice filed joint, pro se, motions to remove the default, and twice the motions were allowed.
On September 15,1988 defendants failed to appear for a pretrial conference and were defaulted. Again the defendants, pro se, filed Dist./Mun. Cts. P. Civ. P., Rule 60(b) (1) motions to vacate these defaults. This time the motions were denied by the trial judge. Judgments were entered against the defendants on October 11,1988.
On November 22,1988 the defendants, through counsel, filed motions for reconsideration of the court’s denial of the relief from judgment. These motions for reconsideration were denied in January, 1989. The defendants subsequently filed a request for a report, claiming to be aggrieved by the trial judge’s denial of their motions for reconsideration.
The defendants’ appeals are untimely. The time period for filing a request for a report of the denial of the motion for relief from judgment began to run in October, 1989 and expired prior to the filing of a request for reconsideration and prior to the filing of a request for a report The filing of defendants’ motion for reconsideration is an attempt to secure appellate review after the expiration of the Rule 64(c) time for filing an appeal from both the default judgment and the courts denial of defendants’ Rule 60(b) (1) motion. Sacco's Three Sons Restaurant v. Prue, 1986 Mass.App.Div. 34, 37. A question of law not seasonably and properly saved, cannot be reviewed by the simple expedient of bringing it forward again, demanding a second ruling, and claiming an appeal from that second ruling. Peterson v. Hopson, 306 Mass. 597, 599 (1940).
Although there may be some circumstances where an appeal from a motion for reconsideration might be appropriate, it is not appropriate where, in the circumstances of this case, there are no new facts or circumstances relevant to the default which had not existed at the time of the hearing on the previous motion. Old Colony Bank and Trust v. Tacey Transport, 10 Mass.App.Ct. 825, 827 (1980). In any event, the court was more than generous in its treatment of the defendants. We find no abuse of discretion in this case. Rosa v. Morgan, 1986 Mass.App.Div. 173
Report dismissed.*

 Justice Geraldine Lombardo took no part in the hearing of this case..