Greco, J.
This is an action by plaintiff Aan Atman (“Atman”), as seller, to retain a $15,800.00 deposit paid by defendants Embarik and A iza Mesbahi (the “Mesba-his”) toward the purchase of a condominium in Boston. Atman has appealed the entry of summary judgment in the Mesbahis’ favor.
The parties’ July 28, 1997 purchase and sale agreement contained a mortgage contingency clause which required the Mesbahis to apply for “a conventional bank *131 or other institutional mortgage loan of $126,400.00 at prevailing rates, terms and conditions.” The Mesbahis were entitled to terminate the agreement and recover their deposit “ [i] f despite diligent efforts” they did not obtain such a loan commitment by August 21,1997. On August 15,1997, the Mesbahis notified Altman’s broker that “Citicorp Mortgage” had not “accepted [them] for a conventional loan” and that the sale could not, therefore, “proceed as [they] had planned.” They formally requested a return of their deposit on August 22,1997. One month later, Altman sold the condominium at a price exceeding that for which the Mesbahis had contracted.
Three days after the Mesbahis requested the return of their deposit, Altman commenced this action for quantum meruit and for the Mesbahis’ alleged breach of contract and breach of the obligation of good faith and fair dealing. The Mesba-his, acting pro se, counterclaimed on the same three grounds to recover their deposit plus incidental damages, including legal expenses. Attached to their counterclaim was a copy of Citicorp’s letter rejecting their mortgage application.
On November 5,1997, the Mesbahis filed a Mass. R. Civ. R, Rule 56 motion for summary judgment. Altman filed a written opposition and a Rule 56(f) motion to continue. Neither party submitted a supporting affidavit. The Mesbahis’ Rule 56 motion was initially heard on November 20, 1997. The transcript of that hearing discloses that the motion judge endeavored to sort out what was in dispute between the parties. However, as the hearing progressed, it assumed the flavor of a small claims trial, with the important distinction that no one was under oath. The defendants represented that they had applied to, and had been turned down, by three different banks.[2] While Altman’s counsel appeared to agree that one application had been made and rejected, he complained that he was entitled to verify that additional applications had been filed, to speak to those lenders and to obtain expert opinion, all of which required additional time. Based on this general discussion, the motion judge concluded that the Mesbahis had applied for financing to, and been rejected by, three banks, had thus employed the diligent efforts required by the parties’ purchase agreement, had notified Altman before the mortgage contingency clause deadline and had committed no breach of the purchase and sale contract. On November 20,1997, the court allowed the Mesbahis’ summary judgment motion, entitling them to a return of their deposit.
Six days later, Altman filed a “Motion for Reconsideration” supported by an affidavit in which he stated, inter alia, that the Mesbahis had provided him with a “pre-qualification letter from Mercantile Bank” which gave approval for a “non-income verification loan,” that the Mesbahis’ subsequent application was not for this type of financing, and that if they had applied for the latter loan, they would have been successful. The Mesbahis filed a counter-affidavit to which was appended a letter from the Mercantile Bank which, in contradiction of Altman’s *132 averments, indicated that the pre-approval letter issued by Mercantile was based on the Mesbahis’ application for a “full-income verification loan.” The record does not suggest that Mercantile ever approved the Mesbahis for a non-income verification loan.
At a hearing on the motion for reconsideration, the court granted Altman’s request to call two Mercantile Bank employees as witnesses.[3] William Kelly (“Kelly”) testified under oath that the Mesbahis applied for a “full doc” or “full income verification” loan; that upon review of their loan application, tax returns and other financial information, Mercantile informed them that they did not qualify for such a loan, but could seek a “non income verification loan” or “NTV” with higher percentage points; and that the Mesbahis did not apply for an NIV mortgage even though they were told that there was a “strong likelihood” that they could qualify for such financing.[4]
The court’s ruling on Altman’s motion stated: “Reconsidered and Summary Judgment granted for defendants after further hearing.” The court also allowed a motion by the Mesbahis for damages in the amount of $1,000.00 for travel and other expenses incurred in defending against this suit. Altman subsequently filed this Dist./Mun. Cts. R.A.D.A, Rule 8C appeal in which he claims to be aggrieved by the court’s denial of his Rule 56(f) motion to continue, the allowance of summary judgment for the Mesbahis and the denial of his motion to reconsider.
1. Altman sought a Rule 56(f) continuance of the summary judgment proceedings on the grounds that he was entitled to additional discovery. However, Altman’s motion was not accompanied by an affidavit, as mandated by Rule 56 (fi, showing “that he [could not] for reasons stated present by affidavit facts essential to justify his opposition” to summary judgment. His “failure to file such an affidavit or to explain his failure to do so is fatal to his argument” on this appeal. First Nat’l Bank of Boston v. Slade, 379 Mass. 243, 244-245 (1979). See also Fidelity Management & Research Co. v. Ostrank, 40 Mass. App. Ct. 195, 201 (1996); Wilshire Credit Corp. v. Scott, 1997 Mass. App. Div. 91, 93.
2. In the circumstances of this case, the merits of the trial court’s ruling on summary judgment are before us. Either of two procedural paths leads us to that point.
Altman’s motion for reconsideration was not brought under any particular rule of civil procedure. The obvious possibilities are Mass. R. Civ. R, Rule 59(e), permitting motions to alter or amend a judgment, or Mass. R. Civ. R, Rule 60(b), governing motions for relief from judgment.
There is an obvious overlap between rule 59(e) and rule 60, but when *133 the proper characterization of the motion is in doubt, we treat ‘all timely-filed motions which call into question the correctness of a judgment as rule 59(e) motions.’
Muir v. Hall, 37 Mass. App. Ct. 38, 41 (1994), quoting from Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Commn., 394 Mass. 233, 237 (1985). As a Rule 59(e) motion, Altman’s motion for reconsideration would have tolled the running of the appeal period under Dist./Mun. Cts. R. A. D. A., Rule 4(a), see Okongwu v. Stephens, 396 Mass. 724, 726-727 (1986); Richardson v. Foodmaster Supermarket, Inc., 1998 Mass. App. Div. 49, and this appeal would have thus brought up the underlying summary judgment. See Forte v. Muzi Motors, Inc., 5 Mass. App. Ct. 700, 701 n.4 (1977).[5]
Second, we have stated that when a trial court conducts a hearing on a reconsideration motion and renders “a decision which suggests that the motion was fully considered on its merits,’’ our review will "necessarily entail a substantive determination” of whether the underlying judgment was properly rendered. Baybank v. Dirico, 1996 Mass. App. Div. 30, 32. Such was the case here.
3. The burdens imposed by Rule 56 upon the moving and opposing parties are well established.
As the Rule 56 moving parties, the defendants were obligated to establish affirmatively that there was no genuine issue of material fact herein and that they were entitled to judgment in their favor as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 632 (1996). A moving party may satisfy his summary judgment burden by demonstrating that there is an absence of evidence to support the non-moving party’s claim or that proof of an essential element of such a claim is ‘unlikely to be forthcoming at trial.’ Flesner v. Technical Comm. Corp., 419 Mass. 805, 809 (1991). See also SCA Serv., Inc. v. Transportation Ins. Co., 419 Mass. 528, 531 (1995); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). When such burden is met, the non-moving party may not simply rest on his pleadings or on bald assertions of the existence of triable issues, but must advance specific facts which show that there are material questions of fact which cannot be properly resolved short of trial. Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 397 (1994).
Hendry v. Broadway Foods, Inc., 1998 Mass. App. Div. 37, 38.
While the Mesbahis did not file any affidavits in support of their Rule 56 motion and their answers to interrogatories were not under oath, Altman did not appear to dispute the fact that the Mesbahis were denied financing by Citicorp.[6] We need *134 not decide if this single fact was sufficient to shift the Rule 56 burden to Altman because the motion judge granted summary judgment based on her finding that the Mesbahis had sought financing not just from Citicorp, but from three lenders. Such finding could only have been based upon the Mesbahis’ “bald assertions” at the hearing or their unsworn interrogatory answers, which were not accepted as true by Altman, and consequently could not have been a proper basis for the entry of summary judgment. In deciding a Rule 56 motion, the judge “does not pass on the weight or credibility of the evidence,” Beatty v. NP Corp., 31 Mass. App. Ct. 606, 607 (1991), even where, unlike the present case, the evidence is given under oath. In these circumstances, it becomes all the more appropriate to examine the state of the evidence at the close of the hearing on Altman’s reconsideration motion to determine whether there was a “genuine issue as to any material fact.” Mass. R. Civ. R, Rule 56(c).
The additional evidence upon reconsideration included Altman’s affidavit, the Mesbahis’ affidavit and the testimony of the two bank employees. Viewing this evidence in the light most favorable to Altman as the party opposing the Mesbahis' summary judgment motion, White v. Boston, 428 Mass. 250, 251-252 (1998); Dasha v. Adelman, 45 Mass. App. Ct. 418, 421 (1998); Rossi v. Oceanview County Club, 1997 Mass. App. Div. 197, 199, it would appear that a clear factual dispute emerged at the reconsideration hearing. The Mesbahis’ position was that Citicorp’s denial of their mortgage application was sufficient to terminate their obligations under the purchase and sale agreement. Altman contended that while the Mesbahis may have been rejected for a full income verification loan by Citicorp, they would have been able to obtain a non-income verification mortgage from Mercantile; the difference in the interest rates on the two loans may have been as small as a half percentage point; and that in failing to apply for an NIV loan, the Mesbahis did not use the required diligent efforts to obtain financing.
As stated in Lynch v. Andrew, 20 Mass. App. Ct. 623, 626 (1985), “ [u] nless otherwise qualified by express language, a financing condition clause presupposes that the buyers will accept commercially reasonable loan terms.” To satisfy his obligation to use diligent efforts, the buyer must demonstrate “activity reasonably calculated to obtain the approval by action or expenditure not disproportionate in the circumstances.” Stabile v. McCarthy, 336 Mass. 339, 404 (1957). Whether the buyer in a given case has acted diligently is ordinarily a question of fact for the trial court. DeWolfe New England v. Tich, 1989 Mass. App. Div. 182, 184. In the instant case, it will have to be determined at trial what type of financing was sought from any lenders other than Citicorp, whether income and non-income verification loans were both considered “conventional” in lending circles, and, most importantly, whether the terms of a non-income verification loan, including the amount of the down payment, points and interest, would have been inconsistent with purchase and sale agreement requirements or “unduly onerous.” Lynch v. Andrew, supra at 626. It may well be that the decision reached twice by the motion judge will be the same as the judgment entered after trial, when the Mesbahis will have presented admissible evidence of those allegations which were simply insufficient, in unverified form, to permit the entry of summary judgment in their favor.
Accordingly, the summary judgment entered for defendants Embank and Aliza Mesbahi is vacated, the allowance of their Rule 56 motion is reversed, and the case is returned to the Woburn Division for trial. In view of our order for trial, the award of damages to the Mesbahis upon the allowance of their motion for the same is also vacated. No costs for this appeal are to be assessed.

 The Mesbahis had first provided this information in answers to interrogatories propounded by Altman. The Mesbahis answered that, in addition to Citicorp, they had applied to Mercantile Bank and Mortgage Partners, Inc., both of which orally informed them that they would not qualify “for a conventional loan of $126,400.00 at the prevailing rates.” They also stated that a fourth bank, Baystate Federal Savings Bank, told them that their income “ratios” did not “look good.” While answers to interrogatories are admissible on a summary judgment motion under Rule 56(e), see First Nat'l Bank of Cape Cod v. North Adams Hoosac Sav. Bank, 7 Mass. App. Ct. 790, 794 n.5 (1979), the Mesbahis’ answers were not given under oath. Rule 33(a) expressly mandates that interrogatories must ->e answered “under the penalties of perjury.” It is not clear from the record whether the motion judge considered the Mesbahis’ interrogatory answers at the initial Rule 56 hearing.

 ‘Testimony received in court may be considered on summary judgment motions, although it is rarely done.” Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 318 n.6 (1988). While there is no express authority under Rule 56 for the taking of testimony at a summary judgment hearing, Sullivan v. Boston Gas Co., 414 Mass. 129, 130 n.2 (1993), witnesses may sometimes be heard, at least in those cases where there is no objection from the opposing party. Id. The use of such a method to determine the existence of issues of fact is obviously inconsistent with the “summary” nature of Rule 56 proceedings.

 The testimony of the other Mercantile officer, Mark Asia, was hearsay as it was based entirely on conversations he had with other bank employees who dealt directly with the Mesbahis. While the pro se defendants did not object to the testimony, the motion judge elicited Asia’s concession that he had never spoken with the Mesbahis. Even assuming arguendo that the taking of testimony was appropriate at this particular Rule 56 hearing, hearsay is insufficient to defeat a summary judgment motion. Symmons v. O’Keefe, 419 Mass. 288, 295 (1995); Yovino v. Fish, 27 Mass. App. Ct. 442, 445 (1989).

 A motion under Rule 60 (b) would not have the same effect. See Piedra v. Mercy Hospital, Inc., 39 Mass. App. Ct. 184, 187-188 (1995).

 Rule 56(a) and (b) permit either party to move for summary judgment “with or without supporting affidavits.” See Rutland v. Fife, 385 Mass. 1010 (1982); First Colonial Bank for Sav. v. Bergeron, 38 Mass. App. Ct. 136, 139 (1995). However, unsworn or unverified allegations of fact, which do not constitute admissions, are ordinarily insufficient to support summary judgment, see Godbout v. Cousens, 396 Mass. 254, 262-263 (1985); Zuroff v. First Wisconsin Tr. Co., 41 Mass. App. Ct. 491, 492 (1996); Mansfield v. GAF Corp., 5 Mass. App. Ct. 551, 552 n.3 (1977), unless the opposing party agrees to present the case upon unsworn assertions of fact, or accepts an unverified allegation of fact as true for summary judgment purposes. See Apple v. Tracy, 34 Mass. App. Ct. 560, 561 (1993); Sullivan v. Worcester, 18 Mass. App. Ct. 360, 362 n.3 (1984); Banzes v. Geiger, 15 Mass. App. Ct. 365, 366 n.2 (1983).