Coven, J.
Plaintiff Beverly J. MacLeod (“MacLeod”) brought this action to recover a balance on a promissory note owed by defendant Michael J. Dizazzo (“Dizazzo”). After a bench trial and the judge’s general finding for MacLeod, judgment was entered against Dizazzo in the amount of $36,852.31. Upon motion by MacLeod, Dizazzo’s subsequent appeal was dismissed as untimely. Dizazzo now appeals that dismissal pursuant to Dist/Mun. Cts. RAD.A, Ride 8C.
The relevant procedural chronology is as follows: Judgment for MacLeod was entered on January 10,2000. Dizazzo’s motion for a new trial was denied on February 3, 2000. Dizazzo thereafter filed motions for a stay and for findings of fact and rulings of law, which were denied. On April 12, 2000, execution was issued. Dizazzo subsequently filed a motion to vacate the writ of execution, then withdrew the motion, and then refiled it on May 4, 2000, together with a motion for costs. Those motions were denied on May 21,2000. On June 19,2000, the defendant filed *129 a motion to vacate judgment, which was denied on August 4, 2000. On August 7, 2000, almost seven months after the entry of judgment, Dizazzo filed a notice of appeal.
MacLeod’s motion to dismiss Dizazzo’s appeal was allowed on September 26, 2000. Dizazzo filed a motion for clarification of the order of appeal dismissal. The trial court responded with a decision on October 13, 2000 that Dizazzo’s appeal had been dismissed because it was untimely. Ten days later, on October 23,2000, Dizazzo filed a motion for reconsideration of that decision rather than a notice of appeal The reconsideration motion was denied on October 25, 2000, and Dizazzo filed a notice of appeal on November 1,2000.
1. Dizazzo’s present appeal is untimely and is hereby dismissed. Plavin v. Lutts, 2000 Mass. App. Div. 58. 59; Miller v. Scannell, 1997 Mass. App. Div. 166, 167.
Pursuant to Dist/Mun. Cts. R. A. D. A, Rule 4(a), Dizazzo was required to file a notice of appeal within ten days of the trial courts October 13,2000 decision clarifying its dismissal order. See generally, Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77; Richardson v. Foodmaster Supermarkets, Inc., 1998 Mass. App. Div. 48. He failed to do so.
Dizazzo instead elected to file a motion for reconsideration. When such a motion is timely filed within ten days of judgment and calls into question the correctness of that judgment, it may properly be treated as a Mass. R. Civ. R, Rule 59, motion which effectively tolls the time for claiming an appeal. See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 187 n.3 (1995); Altman v. Mesbahi, 1999 Mass. App. Div. 130, 132-133. However, a motion to reconsider which is not filed within ten days of the entry of judgment and which does not pertain to that judgment “does not toll the time period for taking any steps in the appeal process.” Kirby v. Miami Systems Corp., 1999 Mass. App. Div. 197, 198 n.4. See also Burns v. Pungitore, 1996 Mass. App. Div. 156. Dizazzo’s October 23, 2000 reconsideration motion was obviously not filed within ten days of the judgment for MacLeod entered more than eight months earlier. Further, the motion for reconsideration neither challenged the courts general finding and judgment for MacLeod, nor specifically alleged an error of law in the courts October 13, 2000 decision dismissing Dizazzo’s appeal as untimely. The reconsideration motion instead sought a more “difinitive [sic] statement” of the courts October 13, 2000 clarification order, and demanded an additional explanation of the courts conclusion that Dizazzo’s appeal was late.
In short, the ten day period for appealing the courts October 13,2000 decision expired on October 23,2000 and was not tolled by Dizazzo’s motion for reconsideration. His November 1,2000 notice of appeal was filed too late.
2. We note briefly that there was, in any event, no error in the courts dismissal of Dizazzo’s August 7,2000 notice of appeal.
The ten day period for filing an appeal of the courts judgment for MacLeod and denial of Dizazzo’s new trial motion expired on February 14, 2000. The time for appealing the denial of Dizazzo’s motion for findings and rulings, which was denied on February 28, 2000, expired on March 9, 2000. Dizazzo’s motion for a “stay” was denied on March 23,2000 and should have been appealed no later than April 3, 2000. The denials of Dizazzo’s motion for costs and motion to vacate the writ of execution had to have been, but were not, appealed by June 1, 2000. Dizazzo’s “motion to vacate judgment,” filed on June 19, 2000, did not resurrect the appellate rights he had already forfeited by failing to file a seasonable notice of appeal The motion to vacate was not a motion for relief from judgment predicated on any ground cognizable under Mass. R. Civ. R, Rule 60. It was instead nothing more than a reiteration of the entirely erroneous assertion which had formed the basis of Dizazzo’s earlier motion for findings and rulings: to wit, that the trial court erred in failing to make Mass. R. Civ. R, Rule 52, findings of fact and conclusions of *130 law.[1] The motion to vacate could not remedy Dizazzo’s Mure to file a timely appeal of the February 28, 2000 denial of his motion for findings and rulings. “A question of law not seasonably and properly saved, cannot be reviewed by the simple expedient of bringing it forward again, demanding a second ruling, and claiming an appeal from the second ruling.” Betro & Co. v. D’Agostino, 1990 Mass. App. Div. 79.
Appeal dismissed.
So ordered.

 Contrary to Dizazzo’s mistaken contention, a District Court trial judge is not required to make findings of feet Mass. R Civ. E, Rule 52(c). Stigum v. Skloff, 2000 Mass. App. Div. 63; Cambridge Hous. Auth. v. Wedge, 2000 Mass. App. Div. 235, 236; Cambridge Chamb. of Commerce v. Central Sq. Ins. Agency, Inc., 1999 Mass. App. Div. 27, 29. Nor was the trial judge in this case required to make specific rulings of law for the simple reason that Dizazzo Med to file written requests for such rulings at the close of the evidence at trial. Mass. R Civ. E, Rule 64A The needless postjudgment protraction of this case is attributable in no small measure to Dizazzo’s dogged insistence upon his utterly incorrect reading of the provisions of Rule 52 (c).