Koenigs, J.
The defendants, trader contract to buy the plaintiffs’ home, cancelled the sale by written notice without stating a reason for the termination. At the same time, the defendants made a preemptive strike on the deposit held by the plaintiffs by stopping payment on the $10,000 deposit check. The plaintiffs brought suit for the deposit as liquidated damages under the contract See Kelly v. Marx, 428 Mass. 877 (1999). The defendants answered and filed a motion for judgment on the pleadings. During the hearing on the motion for judgment on the pleadings, the court accepted additional materials outside the pleadings, and took the motion under advisement. Later, without notifying the parties of its intention to do so, the court treated the motion as one for summary judgment. See Mass. R. Civ. E, Rule 12(c). In that posture the defendants’ motion was allowed, and the plaintiffs appeal that ruling.
The defendants’ unadorned position is that because the purchase and sale agreement contained two contingency clauses, they were plainly and simply entitled to withdraw from the contract. They make no effort to invoke either of the contingency clauses as justification for the cancellation of the contract. The defendants further contend that the plaintiffs cannot meet their burden to prove that the defendants wrongfully withdrew from the sale.
To prevail on a motion for summary judgment, the defendants had the burden to demonstrate by materials compliant with Mass. R. Civ. E, Rule 56 that the plaintiffs have no reasonable expectation of proving an essential element in their case. Smith v. Massimiano, 414 Mass. 81 (1993); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Where the plaintiff cannot demonstrate a reasonable expectation of proving an essential element of the plaintiff’s case, the defendant is entitled to summary judgment. Doe v. Creighton, 439 Mass. 281 (2003); Dias v. Brigham Med. Assocs., 438 Mass. 319 (2002).
The documents presented to the judge during the motion hearing, with the exception of a single affidavit offered by the plaintiffs, are not materials appropriate for consideration in a summary judgment motion under Mass. R. Civ. R, Rule 56.[3] Discovery had not yet been done in this case; it is notable that the majority of materials permitted under rule 56 are obtained during discovery. Although the *186 plaintiffs had filed a motion to stay the hearing on the motion for judgment on the pleadings, so that discovery could be pursued, no action was taken on this motion. The hearing on the motion for judgment on the pleadings proceeded, and the motion was later decided as a motion for summary judgment, despite the requirement of Mass. R. Civ. R, Rule 12(c) that “all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
However, the plaintiffs do not raise the argument that the motion judge erroneously deprived them of the opportunity to complete discovery or to submit rule 56-compliant materials; therefore, this issue is deemed waived. See Mass. RAD. A., Rule 16(a)(4); Wolfberg v. Hunter, 385 Mass. 390, 391 n.1 (1982); Tetreault v. Mahoney, 425 Mass. 456, 467 n.12 (1997).
We turn to the sufficiency of the defendants’ presentation under rule 56.[4] In their motion, the defendants assert that the complaint “sets forth merely a ‘grievance,’ at most, and that absolutely nothing is alleged sufficient to establish liability on the part of the defendants.” A memorandum attached further asserts in essence simply that the defendants’ notice of termination was timely and therefore excused performance under the contract.
A breach of contract is “a failure to perform for which legal cause is lacking.” Realty Developing Co. v. Wakefield Ready-Mix Concrete Co., Inc., 327 Mass. 535, 537 (1951). The defendants have failed to establish, as they must to prevail on a summary judgment motion, that the plaintiffs will be unable to prove an element of their case, namely, that the defendants wrongfully repudiated the contract. The defendants’ refusal to perform is not in dispute. The central issue is whether at the time the defendants withdrew from the sale, circumstances existed which satisfied one of the contingency clauses, or which otherwise provided legally sufficient grounds for cancellation, thereby releasing the defendants from the obligation to perform.
The purchase and sale agreement contained two contingency clauses. The first contingency clause, in standard language, allowed termination of the contract if the defendants were unable to obtain financing by a stated deadline. Invocation of this contingency would require a showing of due diligence on the part of the defendants. As the court observed in Lynch v. Andrew, 20 Mass. App. Ct. 623, 626 (1985): “Unless otherwise qualified by express language, a financing condition clause presupposes that the buyers will accept commercially reasonable loan terms. Cf. Stabile v. McCarthy, 336 Mass. 399, 404 (1957) and Sechrest v. Safiol, 383 Mass. 568, 571 (1981), which require, to trigger a contingency in an agreement, conduct reasonably calculated to fulfill the condition by action or expenditure proportionate to the circumstances.” Whether the buyer in a given case has acted diligently is ordinarily a question of fact for the trial court. DeWolfe New England v. Tich, 1989 Mass. App. Div. 182, 184; Altman v. Mesbahi, 1999 Mass. App. Div. 130.
*187 The other contingency clause conditioned the sale on the approval of financing for the buyers of the defendants’ current home.
It remains unclear which, if either, of these contingency clauses may have properly been invoked by the defendants in terminating the contract, because the defendants did not produce an affidavit, or any other materials, containing any specific facts purporting to justify cancellation of the sale. Since the defendants have failed to shoulder their production of evidence on this issue, they have not met their burden at summary judgment. See Eliot Discount Corp. v. Dame, 19 Mass. App. Ct. 280, 284-285 (1985) (discussion of burden of production). It was insufficient to assert that they cancelled the contract by the financing deadline, ipso facto the cancellation was justified. It was error, therefore, to order summary judgment for the defendants.
Judgment reversed.

 Mass. R. Civ. R, Rule 56 provides: “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and responses to requests for admission under Rule 36, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”

 The motion for judgment on the pleadings, and a memorandum, were not included by either side in the appellate record. The court obtained a copy during oral argument. Since the materials offered to the judge at the motion hearing were not docketed, and the plaintiffs did not prepare an appendix conforming to Mass. R. A. D. A., Rule 18, the court determined at oral argument that the attachments to the plaintiffs’ brief include everything that the motion judge had before him. Those materials include the complaint, an affidavit from a realtor involved in the transaction, the purchase and sale agreement, defendants’ notice terminating the purchase and sale agreement, a use and occupancy agreement signed the day before the purchase and sale agreement, a pre-approval of the defendants’ mortgage application, and a deed conveying the another house owned by the defendants to new owners. We assume that the judge had before him the memorandum as well as the motion for judgment on the pleadings that it supports.