Curtin, J.
This is an appeal by plaintiff Rosario F. Guzzi (“Guzzi”) of the allowance of the defendants motion for summary judgment on statute of limitations grounds.
Guzzi filed a verified complaint alleging that his former lawyer, defendant John B. Shorten (“Shorten”), had committed malpractice in handling Guzzi’s criminal case and subsequent appeal of his conviction, that Shorten had been “overpaid” for his legal services, and that Shorten had violated G.L.C. 93Aby refusing to refund the overpayment Shorten moved for summary judgment on the basis that Guzzi had been found guilty after trial on September 14,1997, did not file this civil action until September 15, 2001, and that the action was thus barred by the three year statute of limitations for malpractice actions, G.L.c. 260, §4. The trial court allowed Shorton’s motion.
In reviewing the grant of summary judgment, we view the evidence in the light most favorable to Guzzi, the non-moving party, Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 394 (2003), and assume the truth of the facts he has alleged. Swasey v. Barron, 46 Mass. App. Ct. 127, 128 (1999). Those facts, as set forth in Guzzi’s verified complaint, his Rule 56 affidavit and the affidavits of his two sisters, can be summarized as follows:
Guzzi hired Shorten in March of 1996 to represent him in a criminal proceeding in the Middlesex Superior Court. Prior to the date of trial, Shorten was paid by Guzzi, or by Guzzi’s two sisters on Guzzi’s behalf, a total of $16,000.00. Guzzi averred that the fee for the trial work agreed to by Shorten was $10,000.00, and that the remaining $6,000.00 was to be credited toward any appeal.[1]
After Guzzi was convicted on September 19, 1997 and subsequently incarcerated, Shorten continued to represent Guzzi. Shorten filed an appeal for Guzzi on December 1, 1998, which was later dismissed in 1999 because Shorten failed to obtain a trial transcript to perfect the appeal. Although Guzzi was aware of the appeal dismissal, he and Shorten continued to correspond regarding a reinstatement of the appeal, the status of a petition to revise and revoke and other post-conviction remedies, and the alleged “overpayment” of legal fees to Shorten.
Without any prior notice to Guzzi, Shorten withdrew as his attorney on June 16, 2000. Shortly thereafter, Guzzi hired new counsel to reinstate his appeal. Shorten *209 was disbarred by the Supreme Judicial Court on October 21,2000, and was ordered to return all payments to clients which had not been earned. After numerous unsuccessful demands to Shorten for repayment, Guzzi commenced this action on September 15,2001.
The allowance of Shorton’s Mass. R. Civ. E, Rule 56, motion for summary judgment was error.
1. A cause of action for legal malpractice does not accrue and “ [t]he statute of limitations does not begin to run... until the plaintiff knows or reasonably should know that he or she has been harmed by the defendants conduct” Williams v. Ely, 423 Mass. 467, 473 (1996). The three year limitations period for legal malpractice actions would have expired prior to the filing of this suit if Guzzi’s complaint had been based solely on Shorton’s allegedly ineffective representation of Guzzi at his criminal trial, which concluded with his conviction on September 19,1997, and if Shorten had terminated his representation as of that date. Guzzi’s claims, however, include allegations of Shor-ton’s mishandling of Guzzi’s appeal and other post-conviction remedies. The appeal filed by Shorten was not dismissed until April 7,1999. The very earliest indication to Guzzi of any problem with the appeal came on October 26,1998 when Guzzi discovered that Shorten had filed the appeal in the wrong court and with the wrong docket number. That problem was resolved, however, when a Superior Court clerk permitted Shorten to file the appeal late. Guzzi did not learn of any subsequent problem until he was notified by the Appeals Court on March 5, 1999 of the appeal’s imminent dismissal. Guzzi’s September 15, 2001 action was filed less than three years after either event and was thus well within the limitations period.
Moreover, the statute of limitations may be deemed to have been tolled by Shor-ton’s “continuing representation” of Guzzi for almost three years after Guzzi’s conviction. The continuing representation doctrine
recognizes that a person seeking professional assistance has a right to repose confidence in the professional’s ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered. [Citation omitted] It is not realistic to say that the client’s right of action accrued before he terminated the relationship with the attorney.
Murphy v. Smith, 411 Mass. 133, 137 (1991). See also Spilios v. Cohen, 38 Mass. App. Ct. 338, 341 (1995). As is evident from the correspondence between lawyer and client, Guzzi continued to rely on Shorten well into the early months of 2000 to represent him at a forthcoming hearing to revise and revoke his sentence, to reinstate the appeal and to pursue other undisclosed strategies at which Shorten vaguely hinted. As noted, Shorten did not withdraw as Guzzi’s counsel, and then without prior notice to his client, until June 16, 2000. This action was commenced fifteen months later.
2. Having determined that summary judgment should not have been entered for Shorten on statute of limitations grounds given the timeliness of Guzzi’s legal malpractice claims, it is unnecessary to address at length other complaint claims. We note briefly that Guzzi’s G.L.c. 93A claim was filed prior to the expiration of the G.L.C. 260, §5A four year statute of limitations for consumer claims. See generally Fine v. Huygens, DiMella, Shaffier & Associates, 57 Mass. App. Ct 397, 404 (2003).[2] Similarly, to the extent Guzzi’s allegations of an “overpayment’ of the legal fees allegedly agreed to by the parties sets forth a cause of action for breach of contract, such claim was brought *210 well within the G.Lc. 260, §2 six year statute of limitations for contract actions. See generally Berkshire Mut. Ins. Co. v. Burbank, 422 Mass. 659, 660-661 (1996).
3. Finally, we reject Shorton’s argument that Guzzi is not entitled to appellate reversal of the trial court’s allowance of Shorton’s summary judgment motion because this appeal must be dismissed as untimely.
First, the docket indicates that Shorten filed a motion to dismiss this appeal on April 18,2003 in the trial court. That motion was heard and denied on May 2,2003. As Shorten failed to appeal the trial courfs ruling, he has forfeited any right to appellate review of the issue.
In any event, Guzzi’s appeal was in fact timely. Summary judgment was entered in favor of Shorten on January 31, 2002. Less than ten days later, on February 7, 2002, Guzzi filed a motion “for a new trial” which was in the nature of a request for reconsideration of the trial courfs Rule 56 order. When a motion for reconsideration “is timely filed within ten days of judgment and calls into question the correctness of that judgment, it may be properly treated as a Mass. R. Civ. R, Rule 59, motion which effectively tolls the time for claiming an appeal.” MacLeod v. Dizazzo, 2001 Mass. App. Div. 128, 129. Pursuant to Rule 4(a) of the Dist./Mun. Cts. R. A D. A, “a new ten-day time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion” made under Mass. R. Civ. R, Rule 52(b) or Rule 59. See Richardson v. Foodmaster Supermarket, Inc., 1998 Mass. App. Div. 49. Guzzi’s “new trial” motion was denied on February 8, 2002, and his notice of appeal filed on February 14, 2002 was thus timely.
The allowance of defendant Shorton’s motion for summary judgment is reversed, and this action is returned to the Newton Division.
So ordered.

 No affidavit contesting these, or any of, Guzzi’s assertions was filed by Shorten in support of his summary judgment motion. Indeed, with respect to the substance of Guzzi’s claims, Shorten has advanced nothing to satisfy his Rule 56 burden of establishing that there is no genuine issue of fact for trial in this case and that he is entitled to summary judgment as a matter of law. See generally Kelly v. Brigham & Women’s Hospital, 51 Mass. App. Ct. 297, 304 (2001).

 The viability of Guzzi’s G.L.c. 93A claim is also contingent upon his having sent a timely demand letter to Shorten. Labovitz v. Feinberg, 41 Mass. App. Ct. 306, 307 n.5 (1999). The record is silent on this question.